An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESSICA WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62795

**FILED**

OCT 17 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order of the district court denying appellant Jessica Williams' post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

On April 6, 2001, the district court convicted Williams, pursuant to a jury verdict, of six counts of driving with a prohibited substance in the blood or urine, one count of use of a controlled substance, and one count of possession of a controlled substance. We affirmed the judgment of conviction on direct appeal, *Williams v. State*, 118 Nev. 536, 50 P.3d 1116 (2002), and the remittitur issued on January 3, 2003.

On January 3, 2003, Williams filed a timely post-conviction petition for a writ of habeas corpus in the district court. We reversed the district court order granting the petition because Williams' ground for relief could have been raised at trial or on appeal and she had failed to demonstrate that the procedural default should be excused or that failure to consider her claim would result in a fundamental miscarriage of justice. *State v. Williams*, 120 Nev. 473, 93 P.3d 1258 (2004).

On June 28, 2011, Williams filed a second post-conviction petition for a writ of habeas corpus in the district court. The State filed a

response asserting that the petition was procedurally barred and a supplemental response arguing that Williams' grounds for relief lacked merit. The district court conducted an evidentiary hearing and denied Williams' petition on the merits. This appeal followed.

The record on appeal does not support the district court's finding that the federal district court "remanded this case . . . for determination of several issues." Instead, it reveals that the federal district court granted Williams' motion to stay her federal action so that she could exhaust her claims in the state courts, the federal district court expressly stated that it had no opinion "as to whether the circumstances presented satisfy the cause and prejudice standard with respect to any claim of procedural default," and the federal defenders brought the post-conviction habeas petition on Williams' behalf.

The district court's order denying Williams' petition does not contain factual findings regarding whether procedural default rules applied to Williams' petition. "Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory." *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005). Given the untimeliness of the petition, *see* NRS 34.726(1), the presumption of prejudice to the State, *see* NRS 34.800, and the nature of Williams' grounds for relief, *see* NRS 34.810(1)(b), the district court had a duty to determine whether any or all of Williams' grounds for relief were procedurally barred and its failure to do so was an abuse of discretion. *See Riker*, 121 Nev. at 234, 112 P.3d at 1076. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court with instructions to review the record and determine the pertinent facts, consider and apply the

(O) 1947A

appropriate rules of procedural default to Williams' petition, and issue a written order that sets forth, with suitable findings of fact and conclusions of law, which grounds, if any, are procedurally barred.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Michelle Leavitt, District Judge
     Federal Public Defender/Las Vegas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[1]The fast track statement, response, and reply do not comply with the formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because they are not double-spaced. We caution counsel for the parties that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).